IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOUNTAIN VIEW INVESTMENT COMPANY OF ILLINOIS,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-12794 ( ) |
| In re:<br><br>SCHUTT SPORTS, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-12795 ( ) |
| In re:<br><br>CIRCLE SYSTEM GROUP, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-12796 ( ) |
| In re:<br><br>MELAS, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-12797 ( ) |
| In re:<br><br>R.D.H. ENTERPRISES, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-12798 ( ) |
| In re:<br><br>TRIANGLE SPORTS, INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 10-12799 ( ) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move the Court (the "**Motion**") for entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (a) authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only; and (b) providing any additional relief required in order to effectuate the foregoing. In support of this Motion, the Debtors respectfully state as follows:

### Status of the Case and Jurisdiction

1. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**").

2. The Debtors have continued in possession of their properties and are operating and managing their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner and a creditors' committee has not yet been appointed in these cases.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief sought herein are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## Background

6.  The Debtors are a leading designer, manufacturer, distributor and marketer of team sporting goods equipment, offering an extensive line of football, baseball and softball protective gear and complementary accessories. The Debtors' product line is anchored by their football helmet offering, for which the Debtors have the leading position in the country, both in terms of technological advancement and market share. The Debtors also have the number-one market share in football faceguards and maintain leading and growing market positions in shoulder pads, women's fast-pitch softball equipment, baseball and softball bases and protective gear. The Debtors are the exclusive provider of bases to Major League Baseball. The Debtors' total revenues for fiscal year 2009 were approximately $68.6 million.

7.  The Debtors are a significant employer in Easton, Pennsylvania and Litchfield and Salem, Illinois. The Debtors are also a critical provider of football-related products to the local sporting goods dealers throughout the country and typically represent a significant portion of their overall business. In addition, the Debtors provide football helmet replacement parts and reconditioning services for millions of football helmets that are being used by athletes of colleges, high schools, youth leagues and other institutions across the country.

8.  A detailed factual background of the Debtors' businesses and operations, as well as the events precipitating the commencement of these cases, is more fully set forth in the *Declaration of Rollen Jones in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.

## Relief Requested

9.  By this Motion, the Debtors seek entry of an order directing the joint administration of their cases and the consolidation thereof for procedural purposes only.

10. The Debtors also request that the caption of their cases be modified to reflect the joint administration of the cases substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| SCHUTT SPORTS, INC., *et al.*,[1] | Case No. 10-12795 ( ) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mountain View Investment Company of Illinois (3563), Schutt Sports, Inc. (0521), Circle System Group, Inc. (7711), Melas, Inc. (9761), R.D.H. Enterprises, Inc. (2752), and Triangle Sports, Inc. (6936).

11. In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the joint administration of the chapter 11 cases listed below under Case No. 10-12795. The docket in Case No. 10-12795 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to such Order: Case No. 10-12794; Case No. 10-12795; Case No. 10-12796; Case No. 10-12797; Case No. 10-12798; and Case No. 10-12799.

12. Finally, the Debtors request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

### Basis for Relief Requested

13. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. Fed. R. Bankr. P. 1015(b). Schutt Sports, Inc.

("**Schutt Sports**") is the main operating entity among all of the other Debtors in these cases and all of the Debtors constitute "affiliates" of one another within the meaning of 11 U.S.C. § 101(2).[1] Specifically, all of the Debtors are wholly owned and controlled by the same parent entity, Schutt Holdings, Inc., a nondebtor. Accordingly, this Court is authorized to grant the requested relief.

14. Furthermore, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties. Del. Bankr. L.R. 1015-1.

15. The First Day Declaration, filed simultaneously herewith, establishes that joint administration of these cases (a) is warranted because the Debtors' financial affairs and business operations are closely related, and (b) will ease the administrative burden on the Court and parties-in-interest in these cases. The Debtors anticipate that numerous notices, applications, motions, other documents, pleadings, hearings, and orders in these cases will affect all of the Debtors. With six (6) affiliated Debtors, each with its own case docket, the failure to administer these cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Debtors, the Clerk of this Court (the "**Clerk**"), creditors, and other parties-in-interest in these cases.

---

[1] Section 101(2) of the Bankruptcy Code defines "affiliate" to include, in relevant part, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…" 11 U.S.C. § 101(2).

16. Joint administration will permit the Clerk to use a single general docket for the Debtors' cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration also will protect parties-in-interest by ensuring that such parties-in-interest in each of the Debtors' respective cases will be apprised of the various matters before the Court in all of these cases.

17. The Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 10 of this Motion. The Debtors submit that use of this simplified caption, without reference to each Debtor's respective address and other details specified by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification with that of notices in connection with these cases. Such case-specific information is publicly available in the petitions, and the Debtors therefore submit that the policies behind section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

18. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases because as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party-in-interest will maintain claims or rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the efficiencies and reductions in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these cases by the Office of the United States Trustee also will be simplified.

19. The relief requested herein is commonly granted in this District. *See, e.g., In re American Safety Razor Co. LLC*, Case No. 10-12351 (MFW) (Bankr. D. Del. July 30, 2010); *In re Chem Rx Corp., et al.*, Case No. 10-11567 (MFW) (Bankr. D. Del. May 13, 2010); *In re Magic Brands, LLC, et al.*, Case No. 10-11310 (BLS) (Bankr. D. Del. April 23, 2010; *In re Stant Parent Corp.*, Case No. 09-12647 (BLS) (Bankr. D. Del. July 29, 2009); *See, e.g., In re Aventine Renewable Energy Holdings, Inc.*, Case No. 09-11214 (KG) (Bankr. D. Del. April 9, 2009).

### Notice

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' secured lender; (c) creditors holding the forty (40) largest claims as set forth in the consolidated list filed with the Debtors' petitions; (d) the Office of the United States Attorney General for the District of Delaware; and (e) the Internal Revenue Service. As the Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion in accordance with the Local Rules. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21. No prior request for the relief sought in this Motion has been made to this or any other court.

[Signature on next page]

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
September 6, 2010

GREENBERG TRAURIG, LLP

*/s/ Victoria W. Counihan*

Victoria W. Counihan (DE Bar No. 3488)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: counihanv@gtlaw.com
       selzers@gtlaw.com

-and-

Keith Shapiro
Nancy A. Peterman
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: shapirok@gtlaw.com
       petermann@gtlaw.com

Proposed Counsel for the Debtors
and Debtors-in-Possession