# **EXHIBIT 2**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SCHUTT SPORTS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-12795 (KJC)<br><br>(Jointly Administered)<br><br>Re: Docket No. 331 |

NOTICE OF BID DEADLINE, AUCTION, AND SALE
HEARING IN CONNECTION WITH THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS

NOTICE IS HEREBY GIVEN, as follows:

1. On November 22, 2010, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed a motion seeking approval of among other things (i) bid procedures (the "**Bid Procedures**") and bid protections in connection with the sale (the "**Sale**") of substantially all of the Debtors' assets (the "**Purchased Assets**"), (ii) procedures to determine cure amounts and deadlines for objections to certain contracts and leases to be assumed and assigned by the Debtors, (iii) the date, time and place for a sale hearing (the "**Sale Hearing**") and for objections to the Sale and (iv) related relief (the "**Bid Procedures Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). By order dated November 29, 2010, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion (the "**Bid Procedures Order**").[2]

2. The Debtors have entered into an asset purchase agreement (the "**Agreement**") with Kranos Intermediate Holding Corporation (the "**Stalking Horse Bidder**"), for the sale of the Purchased Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon to the maximum extent permitted by section 363 of the Bankruptcy Code, but as set forth in the Bid Procedures, the sale of the Purchased Assets remains subject to competing offers from any prospective bidder that submits a Qualified Bid.

3. All interested parties are invited to submit a Qualified Bid and to make offers to purchase the Purchased Assets in accordance with the terms of the Bid Procedures and the Bid Procedures Order. The Bid Deadline is **December 10, 2010**.

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mountain View Investment Company of Illinois (3563), Schutt Sports, Inc. (0521), Schutt Holdings, Inc. (0276), Circle System Group, Inc. (7711), Melas, Inc. (9761), R.D.H. Enterprises, Inc. (2752), and Triangle Sports, Inc. (6936).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Order. A copy of the Bid Procedures Order can be accessed on the Court's website at https://ecf.deb.uscourts.gov or by written request to Debtors' counsel.

4. Pursuant to the Bid Procedures Order, in the event the Debtor receives one or more Qualified Bids in addition to the bid of the Stalking Horse Bidder on or before the Bid Deadline, the Debtors shall conduct the Auction for the purpose of determining the highest and best bid for the Purchased Assets. Only representatives of parties submitting Qualified Bids, the Debtors, the Stalking Horse Bidder, the Secured Lender and the Committee will be eligible to participate in the Auction. The Auction will be held at the offices of Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, on **December 14, 2010 at 10:00 a.m.** (Prevailing Eastern Time), or at such other place and time as the Debtors shall notify all parties that submitted Qualified Bids.

5. At the Sale Hearing on **December 15, 2010 at 3:00 p.m.** (Prevailing Eastern Time) or such other time as the Bankruptcy Court shall determine, the Debtors intend to seek the Bankruptcy Court's approval of the sale of the Purchased Assets to the Stalking Horse Bidder pursuant to the terms of the Agreement, or to the Successful Bidder at the Auction (the "**Successful Bidder**"). In determining the Successful Bidder, in addition to the amount of cash or cash equivalent consideration offered, the Debtors will consider, among other factors, the assumption of liabilities contemplated by each Qualified Bid, certainty of Closing and other factors relating to the value and certainty of the Bid. The Sale Hearing will be held before the Honorable Kevin J. Carey, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 1, Wilmington, Delaware 19801.

6. At the Sale Hearing, the Debtors will seek entry of an order which provides, except with respect to Assumed Liabilities, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and other creditors, holding Liens Claims, Encumbrances or Interests of any kind or nature whatsoever against or in all or any portion of the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated or subordinate), arising under or out of, in connection with, or in any way relating to the Debtors, the Purchased Assets, the operation of the Debtors' Business prior to the Closing Date or the transfer of the Purchased Assets to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting, against the Purchaser, any of its affiliates, its successors or assigns, their property or the Purchased Assets, such persons' or entities' Liens, Claims, Encumbrances or Interest in and to the Purchased Assets, including, without limitation, the following actions: (i) commencing or continuing in any manner any action or other proceeding against the Purchaser, any of its affiliates, successors, assets or properties; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Purchaser, any of its affiliates, successors, assets or properties; (iii) creating, perfecting or enforcing any Lien or other Claim against the Purchaser, any of its affiliates, successors, assets or properties; (iv) asserting any setoff, right of subrogation or recoupment of any kind against any obligation due Purchaser, any of its affiliates or successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the Provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate any of the Purchased Assets or conduct any of the business operated with the Purchased Assets. For the avoidance of doubt, the foregoing shall not prevent the Debtors, their estates,

successors or permitted assigns from pursuing claims, if any, against the Purchaser and/or its successors and assigns in accordance with the terms of the Agreement.

7. At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of these chapter 11 cases.

8. Objections, if any, to the Sale of the Purchased Assets ("**Sale Objections**") or the or the assumption and assignment of the Assigned Contracts pursuant to the terms of the agreement reached between the Debtors and the Stalking Horse Bidder or Successful Bidder ("**Contract Objections**") shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the District of Delaware, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtors' estate or properties, the basis for the objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court and be served upon the Notice Parties[3] so that (a) with respect to any Sale Objections, such Sale Objections are received no later than **December 10, 2010 at 5:00 p.m. (Prevailing Eastern Time)** and (b) with respect to any Contract Objections, such Contract Objections are received no later than **December 14, 2010 at 9:00 a.m. (Prevailing Eastern Time)**.

9. In the event (a) an Auction is conducted, the deadline for filing any objections related to the conduct of the Auction itself shall be the commencement of the Sale Hearing and (b) in the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder, the deadline for filing objections relating to (i) the form of Sale Order approving such Successful Bidder's asset purchase agreement, and (ii) the proposed asset purchase agreement between the Debtors and such Successful Bidder shall be the commencement of the Sale Hearing.

10. In the event the Auction results in a Successful Bidder other than the Stalking Horse Bidder, the deadline to object to the assignment of executory contracts and unexpired leases to such Successful Bidder shall be at the commencement of the Sale Hearing (the "**Amended Contract Objection Deadline**"). With respect to all Contract Objections, such Contract Objections shall be heard on **December ___, 2010 at ___:___ _._. (Prevailing Eastern Time)**.

---

[3] The Notices Parties shall include: (i) counsel for the Debtors, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601 (Attn: Nancy A. Peterman, Esq.) and Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801 (Attn: Victoria W. Counihan, Esq.); (ii) counsel to the Stalking Horse Bidder, McGuireWoods, LLP, EQT Plaza, 625 Liberty Avenue, 23rd Floor, Pittsburgh, Pennsylvania 15222-3142 (Attn: Mark E. Freedlander, Esq.); (iii) counsel to the Secured Lender, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800 Chicago, Illinois 60606 (Attn: J. Douglas Bacon, Esq.), and Edwards Angell Palmer & Dodge, LLP, 919 N. Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Stuart M. Brown, Esq.); (iv) counsel to the Committee, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068 (Attn. Jeffrey D. Prol, Esq.), and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801 (Attn: Mark L. Desgrosseilliers, Esq.); and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney, Esq.).

11. Requests for any other information concerning the Bid Procedures or the Sale should be directed by request to Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801 (Attn: Sandra G. M. Selzer, Esq.).

Dated: Wilmington, Delaware
_____, 2010

GREENBERG TRAURIG, LLP

Victoria W. Counihan (DE Bar No. 3488)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: counihanv@gtlaw.com
       selzers@gtlaw.com

-and-

Keith Shapiro
Nancy A. Peterman
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: shapirok@gtlaw.com
       petermann@gtlaw.com

Counsel for the Debtors
and Debtors-in-Possession