# **EXHIBIT 3**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SCHUTT SPORTS, INC., *et al.*,[1] | Case No. 10-12795 (KJC) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 331 |

## NOTICE OF DEBTORS' INTENT TO ASSUME AND ASSIGN CERTAIN LEASES AND EXECUTORY CONTRACTS AND FIXING OF CURE AMOUNTS

PLEASE TAKE NOTICE that, on November 22, 2010, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed a motion seeking approval of, among other things (i) bid procedures (the "**Bid Procedures**") and bid protections in connection with the sale of substantially all of the Debtors' assets (the "**Purchased Assets**"); (ii) procedures to determine cure amounts and deadlines for objections to certain contracts and leases to be assumed and assigned by the Debtors; and (iii) related relief (the "**Bid Procedures Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"). By order dated November 29, 2010, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion (the "**Bid Procedures Order**"). A copy of the Bid Procedures Order is annexed hereto as <u>Exhibit "A"</u>.[2]

PLEASE TAKE FURTHER NOTICE, that at a hearing on **December 15, 2010 at 3:00 p.m.** (Prevailing Eastern Time) or such other time as the Bankruptcy Court shall determine (the "**Sale Hearing**"), the Debtors intend to seek approval of the sale of the Purchased Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are: Mountain View Investment Company of Illinois (3563), Schutt Sports, Inc. (0521), Schutt Holdings, Inc. (0276), Circle System Group, Inc. (7711), Melas, Inc. (9761), R.D.H. Enterprises, Inc. (2752), and Triangle Sports, Inc. (6936).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion.

interests thereon to the maximum extent permitted by section 363 of the Bankruptcy Code (the "**Sale**") to Kranos Intermediate Holding Company (the "**Stalking Horse Bidder**"), pursuant to the terms of a purchase agreement with the Stalking Horse Bidder (the "**Agreement**"), or to such other party as is determined pursuant to the Bid Procedures to have submitted the highest and best bid for the Purchased Assets (the "**Successful Bidder**").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Cure Procedures, the Debtors intend to seek approval to assume and assign certain unexpired leases and executory contracts (collectively, the "**Assigned Contracts**") to the Stalking Horse Bidder or the Successful Bidder, as applicable, pursuant to section 365 of the Bankruptcy Code. You have been identified as a party to an Assigned Contract that the Debtors may seek to assume and assign. The Assigned Contract with respect to which you have been identified as a non-Debtor party is set forth on **Exhibit "B"** annexed hereto.

PLEASE TAKE FURTHER NOTICE that, the Debtors believe that any and all defaults (other than the filing of these chapter 11 Cases), actual pecuniary losses and any amounts due under the Assigned Contract can be cured and satisfied in full by the payment of the cure amount, also set forth on **Exhibit "B"** annexed hereto (the "**Cure Amount**").

PLEASE TAKE FURTHER NOTICE that, the Debtors have indicated on **Exhibit "B"** if they believe that the Assigned Contract contains enforceable consent rights, pursuant to which the Debtors are required to obtain consent from the non-debtor parties to assign such contracts. To the extent that the Debtors indicate on **Exhibit "B"** that they do not believe that the Assigned Contract does not contain enforceable consent rights, such Assigned Contract will be assumed and assigned to the Stalking Horse or Successful Bidder, without the need to obtain a consent

from the non-debtor party to such Assigned Contract, unless such non-debtor party files a timely Contract Objection which is sustained.

PLEASE TAKE FURTHER NOTICE that, any party objecting to (i) any Cure Amount and/or (ii) the proposed assumption and assignment of any Assigned Contract in connection with the Sale must file with the Bankruptcy Court and serve an objection (a "**Contract Objection**"), in writing, setting forth with specificity any and all obligations that the objecting party asserts must be cured or satisfied in respect to the Assigned Contract, and/or any and all objections to the potential assumption and assignment of such agreement, together with all documentation supporting such cure claim or objection, upon: (i) counsel to the Debtors, Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601 (Attn: Nancy A. Peterman, Esq.) and Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801 (Attn: Victoria W. Counihan, Esq); (ii) counsel to the Stalking Horse Bidder, McGuireWoods, LLP, 625 Liberty Avenue, 23rd Floor, Pittsburgh, Pennsylvania 15222 (Attn: Mark E. Freedlander, Esq.); (iii) counsel to the Secured Lender, Latham & Watkins LLP, 233 South Wacker Drive, Suite 5800 Chicago, Illinois 60606 (Attn: J. Douglas Bacon, Esq.), and Edwards Angell Palmer & Dodge, LLP, 919 N. Market Street, Suite 1500, Wilmington, Delaware 19801 (Attn: Stuart M. Brown, Esq.); (iv) counsel to the Committee, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068 (Attn. Jeffrey D. Prol, Esq.), and Womble Carlyle Sandridge & Rice, PLLC, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware19801 (Attn: Mark L. Desgrosseilliers, Esq.); and (v) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Mark Kenney, Esq.); **so as to be received no later than 9:00 a.m. (Prevailing Eastern Time) on December 14, 2010 (the "Contract Objection Deadline")**; provided, however, that in the event the Auction

results in a Successful Bidder other than the Stalking Horse Bidder, the deadline for objecting to the assignment of the Assigned Contracts to such Successful Bidder shall be the commencement of the Sale Hearing. All Contract Objections will be heard on December __, 2010 at ___:___ at _._m. (Prevailing Eastern Time). Unless the Contract Objection is timely filed and served, the assumption, sale and assignment of the applicable Assigned Contract will proceed without further notice or the need for other action, including the obtaining of consents.

PLEASE TAKE FURTHER NOTICE that, if no Cure Amount is due, or no other amount is due or owing under the Assigned Contract, and the non-debtor party to such agreement does not otherwise object to the Debtors' assumption, sale and assignment of such agreement, no further action needs to be taken on the part of that non-debtor party.

PLEASE TAKE FURTHER NOTICE that, unless an objection to the assumption and assignment of an Assigned Contract is filed and served before the Objection Deadline or the Amended Contract Objection Deadline, as applicable, all counterparties to the Assigned Contracts shall be (i) forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure or other amounts with respect to the Assigned Contracts, and the Debtors and the Stalking Horse Bidder, or Successful Bidder, as applicable, shall be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notices; (ii) deemed to have consented to the assumption and assignment, and (iii) forever barred and estopped from asserting or claiming against the Debtors or the Stalking Horse Bidder, or the Successful Bidder, as applicable, that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Contracts, including, without limitation, any consent rights, or that there is any objection or defense to the assumption and assignment of such Assigned Contracts.

PLEASE TAKE FURTHER NOTICE that, the Debtors' decision to assume and assign the Assigned Contract is subject to the Court's approval of and consummation of the Sale. Absent consummation of the Sale, each Assigned Contract shall not be deemed either assumed or assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assigned Contract shall not constitute or be deemed to be a determination or admission by the Debtors or the Stalking Horse Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

PLEASE TAKE FURTHER NOTICE that, Debtors reserve the right to remove any Assigned Contract from any proposed asset sale and to withdraw the request to assume and assign any such Assigned Contract.

Dated: Wilmington, Delaware
           _____, 2010

GREENBERG TRAURIG, LLP

Victoria W. Counihan (DE Bar No. 3488)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: counihanv@gtlaw.com
       selzers@gtlaw.com

-and-

Keith Shapiro
Nancy A. Peterman
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: shapirok@gtlaw.com
       petermann@gtlaw.com

Counsel for the Debtors
and Debtors-in-Possession

## Exhibit B

| | Contract | Cure Amount as of the Petition Date | Cure Amounts after the Petition Date | Contains Enforceable Consent Rights |
|---|---|---|---|---|
| 1. | | | | |