IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SSI Liquidating, Inc., *et al.*,[1] | Case No. 10-12795 (KJC) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 692, 79 ~~L~~ |

## ORDER (A) APPROVING THE DISCLOSURE STATEMENT, (B) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, (C) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION, AND (D) ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF

Upon the motion, dated March 4, 2011 (the "**Motion**"), of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 1125 and 1126 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1 and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (a) approving the Disclosure Statement[2] as containing "adequate information" within the meaning of section 1125(a)(1) of the Bankruptcy Code; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including (i) fixing the voting record date for purposes of determining which Holders of Claims against and Interests in

---

[1] The new name for each of the Debtors, whose name has changed, along with the former name of each such Debtor and the last four digits of each such Debtor's tax identification number, are: SSI Liquidating, Inc. (f/k/a Schutt Sports, Inc.) (0521) and SH Liquidating, Inc. (f/k/a Schutt Holdings, Inc.) (0276). The following Debtors' names remain the same: Mountain View Investment Company of Illinois (3563), Circle System Group, Inc. (7711), Melas, Inc. (9761), R.D.H. Enterprises, Inc. (2752) and Triangle Sports, Inc. (6936).

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion and/or the Plan.

the Debtors are entitled to vote on the Plan, (ii) approving solicitation packages and procedures for distribution of the Disclosure Statement to those Holders of Claims against or Interests in the Debtors who are entitled to vote on the Plan, and (iii) approving form of Ballots and establishing procedures for the submission of votes on the Plan; (c) scheduling the Confirmation Hearing; and (d) establishing certain notice and objection procedures in respect thereof, all as more fully set forth in the Motion; and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and the Court having jurisdiction over this matter; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given; and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A. The Ballots, attached to this Order as **Exhibit B**, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Debtors' chapter 11 cases, and are appropriate for each Class of Claims or Interests entitled under the Plan to vote to accept or reject the Plan.

B. Ballots need not be provided to the Holders of Unimpaired Claims in Classes 1 and 2, because the Plan provides that Holders in such Classes are Unimpaired and are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and thus are not entitled to vote to accept or reject the Plan.

C. Ballots need not be provided to the Holders of Intercompany Interests in Class 8, because the Plan provides that Holders in such Class are Impaired and are conclusively deemed

to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, and thus are not entitled to vote to accept or reject the Plan.

D. The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

E. The procedures associated with the Ballots with respect to a party's right to voluntarily grant the releases contained in Article 11.1(c) of the Plan and the related injunction are fair and reasonable.

F. The contents of the Solicitation Packages, Non-Voting Packages and Information Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, Holders of Claims against and Interests in the Debtors.

G. The notices of the Plan and Confirmation Hearing, as set forth in the Motion, satisfy the requirements of due process with respect to all creditors of the Debtors.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The *Disclosure Statement for First Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors*, attached hereto as **Exhibit D** (the "**Disclosure Statement**"), is hereby approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections that have not previously been withdrawn or resolved are hereby overruled.

3. <u>Voting Record Date</u>. March 29, 2011 at 5 p.m. (Prevailing Eastern Time) is established as the record date (the "**Voting Record Date**") for purposes of determining the

Holders of Claims or Interests in (a) the Voting Classes, who are entitled to receive Solicitation Packages and vote to accept or reject the Plan, and (b) the Non-Voting Classes, who shall receive a Non-Voting Package. Further, the amount of each Holder's Claim or Interest shall be determined for solicitation and voting purposes as of the Voting Record Date, subject to procedures set forth in this Order.

4. <u>Solicitation Packages</u>. The Debtors are authorized and empowered to distribute or cause to be distributed to each Holder of a Claim or Interest in one of the Voting Classes, by the Solicitation Commencement Date, a Solicitation Package, which is hereby approved, by first class mail, containing copies of the following:

> a. the Disclosure Statement together with the Plan and all other exhibits annexed thereto;
>
> b. the Solicitation Procedures Order, excluding the exhibits annexed thereto;
>
> c. the Confirmation Hearing Notice;
>
> d. a Ballot with a return envelope; and
>
> e. such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

5. <u>Non-Voting Packages</u>. The Debtors are authorized and empowered to distribute, or cause to be distributed, by the Solicitation Commencement Date, to each Holder of a Claim or Interest in one of the Non-Voting Classes, each Holder of Unclassified Claims, and each Holder of all other Claims or Interests, who does not otherwise receive a Solicitation Package or an Information Package pursuant to this Order, a Non-Voting Package, which is hereby approved, by first class mail, containing copies of: (a) the Confirmation Hearing Notice and (b) the Notice of Non-Voting Status.

6. <u>Information Package</u>. To the extent the following parties have not otherwise received a Solicitation Package, as of the Solicitation Commencement Date, the Debtors are authorized and empowered to distribute (a) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, (b) the Solicitation Procedures Order, excluding the exhibits annexed thereto, and (c) the Confirmation Hearing Notice (collectively, the "**Information Package**") to: (i) the Office of the U.S. Trustee; (ii) counsel to the Committee; and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002.

7. <u>Transferred Claims</u>. A transferee of a scheduled or filed Claim or Interest shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim or Interest, only if the parties have completed all actions necessary to effect the transfer of the Claim or Interest pursuant to Bankruptcy Rule 3001(e) by the Voting Record Date. In the event a Claim or Interest is transferred after the transferor has executed and submitted a Ballot to the Voting Agent, the transferee of such Claim or Interest shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim or Interest as of the Voting Record Date.

8. <u>Paid Claims or Interests</u>. The Debtors are only required to mail a Non-Voting Package to each Holder of Claims or Interests that have already been paid in full during the Debtors' chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by the Court. To the extent that Holders of Claims or Interests have been partially paid on account of their Claims or Interests, such Holders of Claims or Interests shall receive Solicitation Packages and Ballots in the amount of the remaining balance after such partial payment.

9. <u>Solicitation Commencement Date</u>. The Voting Agent shall have completed the distribution of the appropriate Solicitation Packages and Non-Voting Packages no later than April 1, 2011 (the "**Solicitation Commencement Date**").

10. <u>Multiple Claims or Interests</u>. Holders of Claims or Interests, who have more than one non-duplicative Claim or Interest associated with the same mailing address against a particular Debtor in a particular Voting Class, shall receive only one Solicitation Package and one Ballot in the aggregate amount of all Claims or Interests held by such Holders against such Debtor within that Voting Class. Holders of Claims or Interests, who have more than one non-duplicative Claim or Interest associated with the same mailing address against multiple Debtors in a particular Voting Class, shall receive only one Solicitation Package and multiple Ballots in a number corresponding to the number of Debtors against which such Holders have Claims or Interests within such Voting Class in the aggregate amount of all Claims or Interests held by such Holders against each such Debtor within that Voting Class.

11. <u>Delivery to Holders in Non-Voting Classes</u>. The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit A**, is hereby approved. The Debtors shall mail or cause to be mailed by the Solicitation Commencement Date by first class mail to each of the Holders of Claims in Classes 1 and 2, as well as the Holders of Unclassified Claims, a Non-Voting Package consisting of: (a) the Confirmation Hearing Notice and (b) the Notice of Non-Voting Status.

12. <u>Delivery to Holders of Claims or Interests Who Do Not Receive Ballots</u>. The Debtors shall mail or cause to be mailed by the Solicitation Commencement Date by first class mail to each of the Holders of Claims or Interests, who do not receive Ballots pursuant to the solicitation procedures set forth in this Order (and who are, therefore, not entitled to vote on the

Plan), a Non-Voting Package consisting of: (a) the Confirmation Hearing Notice and (b) the Notice of Non-Voting Status, provided that such Holders of Claims or Interests do not already receive a Solicitation Package or a Non-Voting Package in accordance with this Order.

13. <u>Undeliverable or Returned Notices and Solicitation Packages</u>. The Debtors are excused from distributing Solicitation Packages, Non-Voting Packages or Information Packages to those entities for which the Disclosure Statement Hearing Notices were undeliverable. Further, if the Debtors send Solicitation Packages, Non-Voting Packages or Information Packages, which are returned as undeliverable, the Debtors are excused from attempting to re-deliver Solicitation Packages, Non-Voting Packages or Information Packages to such entities.

14. <u>Approval of Ballot and Procedures for Voting on the Plan</u>. The Ballots, substantially in the form of the ballots attached hereto as **Exhibit B**, are hereby approved.

15. Solicitation Packages shall be distributed to Holders of Claims and Interest as of the Voting Record Date in the Voting Classes, which are Classes 3, 4, 5, 6 and 7. Holders of Claims in the Non-Voting Classes are not entitled to vote on the Plan and, therefore, will only receive a Non-Voting Package and not a Ballot or any solicitation materials.

16. If a single proof of Claim or proof of Interest indicates that such proof of Claim or proof of Interest is filed against multiple Debtors, or if a proof of Claim or proof of Interest indicates no Debtors, the determination as to which Debtor such proof of Claim or proof of Interest has been asserted against shall be based on the Debtors' Schedules. To the extent that such single Claim or Interest, whose proof of Claim or proof of Interest indicates multiple Debtors or no Debtors, cannot be found on the Schedules, the party that filed such proof of Claim or proof of Interest with multiple Debtors or no Debtors shall not be entitled to vote with respect to such Claim or Interest, subject to ordering paragraph 30 herein.

17. In the event that no Holder of a Claim or Interest in a particular Class votes to accept or reject the Plan by the Voting Deadline, such Class shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan pursuant to section 1129(a)(8) of the Bankruptcy Code.

18. <u>Voting Deadline</u>. April 29, 2011 at 5:00 p.m. (Prevailing Eastern Time) is established as the deadline by which all Ballots must be properly executed, completed, delivered to and received by the Voting Agent (the "**Voting Deadline**").

19. <u>Logan & Company, Inc. as the Voting Agent</u>. Logan & Company, Inc. (the "**Voting Agent**") is authorized to, among other things, perform all Balloting Services.

20. <u>Ballot Tabulation</u>. The Ballots must be properly executed and completed, and the original thereof shall be delivered to the Voting Agent so as to be received on or before the Voting Deadline by first-class mail, overnight mail, or hand-delivery to Logan & Company, Inc., 546 Valley Road, Upper Montclair, NJ 07043.

21. Except as otherwise provided by the express terms of this Order, each Holder of a Claim or Interest within a Voting Class shall be entitled to vote the amount of such Claim or Interest as of the Voting Record Date, which amount shall be determined in accordance with the tabulation procedures set forth in this Order.

22. Creditors or Interest Holders with multiple Claims or Interests within a particular Class are required to vote all such Claims or Interests in any such Class to either accept or reject the Plan and may not split their vote(s) within a Voting Class. An individual Ballot that partially rejects and partially accepts the Plan on account of single or multiple Claims or Interests within a particular Class against a particular Debtor will not be counted.

CHI 60,784,753v7 3-29-11

23. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, to the extent that it is possible to do so for all Voting Classes, separate Claims or Interests held by a single Creditor or Interest Holder against a particular Debtor in each Class shall be aggregated as if such Creditor or Interest Holder held a single Claim or Interest against such particular Debtor in such Class, and the votes related to those Claims or Interests shall be treated as a single vote on the Plan.

24. To the extent a Creditor or an Interest Holder in a Voting Class has filed duplicate proofs of Claims or proofs of Interests with respect to a single Claim or Interest against a single Debtor, such Creditor or Interest Holder shall be entitled to receive only one Solicitation Package and one Ballot for voting such Claim or Interest in the amount of one such Claim or Interest.

25. To the extent a Creditor or an Interest Holder in a Voting Class has timely filed proofs of Claims or proofs of Interests amending previous timely proofs of Claims or proofs of Interests with respect to a single Claim or Interest against a single Debtor, such Creditor or Interest Holder shall be entitled to receive only one Solicitation Package and one Ballot for voting such amending Claim or Interest in the amended amount. This ordering paragraph shall not apply to any proofs of Claims amending previous timely filed proofs of Claims, if such amending proofs of Claims are filed after the last date for filing proofs of Claims established by this Court's order, dated January 10, 2011, fixing such bar dates [Docket No. 526], unless the Court enters an order deeming such amending proofs of Claims as timely filed.

26. A Holder of Claims or Interests in more than one Class under the Plan must execute and submit a separate Ballot for each Class of Claims or Interests in which such Holder of Claims or Interests holds a Claim or Interest.

CHI 60,784,753v7 3-29-11

-9-

27. If any Holder of a Claim or Interest casts more than one Ballot voting the same Claim(s) or Interest(s) before the Voting Deadline, the last dated valid Ballot received before the Voting Deadline shall supersede and revoke any earlier dated Ballot, provided that, if a Holder of Claims or Interest casts multiple Ballots dated with the same date but voted inconsistently before the Voting Deadline, none of such Ballots shall be counted.

28. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

    a. any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but (i) does not indicate an acceptance or rejection of the Plan, or (ii) indicates both an acceptance and rejection of the Plan;

    b. any Ballot received after the Voting Deadline, except in the Debtors' and the Committee's sole discretion;

    c. any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

    d. any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor or Interest Holder;

    e. any Ballot that partially accepts or partially rejects the Plan;

    f. any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote to accept or reject the Plan;

    g. any unsigned Ballot or Ballot without an original signature, except in the Debtors' and the Committee's sole discretion; and

    h. any Ballot transmitted to the Voting Agent by facsimile or other electronic means, except in the Debtors' and the Committee's sole discretion.

29. In addition, the following voting procedures and standard assumptions will be used in tabulating the Ballots:

    a. The delivery of a Ballot will be deemed made only when the Voting Agent has actually received the original, executed Ballot.

CHI 60,784,753v7 3-29-11

b.  The Debtors and the Committee, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, including failure to timely file such Ballot, either before or after the Voting Deadline, and without notice.

c.  After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors and the Committee.

d.  Subject to any contrary order of the Court, the Debtors and the Committee reserve the right to reject any and all Ballots not proper in form.

e.  Subject to any contrary order of the Court, the Debtors and the Committee further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

f.  Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors and the Committee (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

g.  Neither the Debtors nor the Committee (nor any other person or entity) will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any such party incur any liability for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

30. The amount of a Claim or an Interest used to tabulate acceptance or rejection of the Plan shall be as follows:

a.  The amount of the Claim or Interest listed in the applicable Debtor's schedule of liabilities, provided that (i) such Claim is not scheduled (y) as contingent, unliquidated, undetermined or disputed or (z) in the amount of $0.00, (ii) no proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law), (iii) such Claim or Interest has not been satisfied, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court.

b.  The undisputed, non-contingent and liquidated amount specified in a proof of Claim or a proof of Interest timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent (i) such Claim or Interest is not the subject of an objection for voting purposes (a "**Claim Objection**") filed on or before April 20, 2011 (the "**Claim Objection Deadline**") and (ii) such Claim or Interest has not been satisfied (or, if such Claim or Interest has been

-11-

> resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).
>
> c. The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is timely brought by the Holder of such Claim or Interest to temporarily allow such Claim or Interest for voting purposes only, pursuant to Bankruptcy Rule 3018(a) (a "**Claims Estimation Motion**"), notice is provided and a hearing is held at the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

31. Except as otherwise provided in subsection (c) of ordering paragraph 30, with respect to Ballots cast by an alleged Creditor or Interest Holder, who has timely filed proofs of Claim or proofs of Interest in wholly unliquidated, unknown or uncertain amounts that are not the subject of a Claims Objection filed before the Claim Objection Deadline, such Ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim Amount requirement has been met.

32. Except as otherwise provided in subsection (c) of ordering paragraph 30, with respect to Ballots cast by an alleged Creditor or Interest Holder, who has timely filed proofs of Claim or proofs of Interest asserting a contingent Claim or a contingent Interest that are not the subject of a Claims Objection filed before the Claim Objection Deadline, such Ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for voting purposes only in determining whether the aggregate Claim Amount requirement has been met. A contingent Claim or a contingent Interest shall include a Claim or Interest that is subject to a lawsuit and contingent upon a final judgment in such lawsuit, whether of not such lawsuit has been filed or is yet to be filed.

CHI 60,784,753v7 3-29-11

33.     If the Debtors have requested that a Claim or Interest be reclassified and/or allowed in a fixed, reduced amount pursuant to a Claims Objection to such Claim or Interest, the Ballot of the Holder of such Claim or Interest shall be counted in the reduced amount requested by the Debtors and/or in the requested category, subject to any order entered pursuant to a Claims Estimation Motion filed by the Holder of such Claim or Interest.

34.     To the extent that a Holder of a General Unsecured Claim in excess of $10,000 elects to be treated as a Holder of a Class 5 Unsecured Convenience Claim, such Claim shall be reduced to $10,000 and treated as an Unsecured Convenience Claim. A vote from such Holder of a General Unsecured Claim, who makes such an election, shall be counted in the amount of $10,000 as part of Class 5.

35.     The Voting Agent shall file its voting tabulations reflecting the votes cast to accept or reject the Plan no later than two (2) Business Days prior to the Confirmation Hearing.

36.     Holders of Claims or Interests seeking to have a Claim or an Interest temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) shall file a Claims Estimation Motion for such relief no later than April 27, 2011 at 4:00 p.m. (Prevailing Eastern Time), and such Claims Estimation Motion shall be heard at the Confirmation Hearing. Any such Claims Estimation Motion may be resolved by agreement between the Plan Proponents and the movant of such Claims Estimation Motion without the requirement for further order or approval of the Court.

37.     <u>Plan Confirmation</u>. A hearing shall be held before this Court on May 9, 2011 at 2:30 p.m. (Prevailing Eastern Time) (the "**Confirmation Hearing**"), to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time by the Court without further notice to creditors or other parties in interest.

CHI 60,784,753v7 3-29-11

38. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit C**, is hereby approved.

39. <u>Objection Deadline</u>. Any objection to the confirmation of the Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before April 29, 2011 at 4:00 p.m. (Prevailing Eastern Time) (the "**Objection Deadline**") by the following parties: (a) Debtors' counsel, Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, Attn: Victoria W. Counihan, Esq. and Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, IL 60601, Attn: Nancy A. Peterman, Esq.; (b) The Office of the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; and (c) counsel to the Official Committee of Unsecured Creditors, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland NJ 07068, Attn: Jeff Prol, Esq. and Womble Carlyle Sandridge & Rice PLLC, 222 Delaware Avenue, Suite 1501, Wilmington DE 19801, Attn: Steven Kortanek, Esq. and James Lennon, Esq.

40. The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Objection Deadline shall be deemed overruled.

41. Service of the Solicitation Packages, Non-Voting Packages, Information Packages and other notices and documents described in the Motion is adequate and sufficient and no further notice is necessary.

42. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package, Non-Voting Packages, and/or Information Packages prior to their distribution.

43. The Debtors, the Committee, and any party supporting the Plan are granted an opportunity to file a response to any objections to confirmation of the Plan by no later than 9:00 a.m. (Prevailing Eastern Time) two (2) Business Days prior to the date of the Confirmation Hearing. At that time, the Debtors will also file their proposed findings of fact and conclusions of law and form of order confirming the Plan, and a memorandum of law in support of confirmation of the Plan.

44. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

45. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

Dated: March 30, 2011

HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

CHI 60,784,753v7 3-29-11