IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SSI Liquidating, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-12795 (KJC)<br><br>(Jointly Administered)<br><br>Hearing Date: April 20, 2011 at 2:00 p.m. (EST)<br>Objection Deadline: April 13, 2011, at 4:00 p.m. (EST) |

**DEBTORS' MOTION FOR ENTRY OF ORDER, PURSUANT
TO SECTIONS 105(a) AND 363(b)(1) OF BANKRUPTCY CODE
AND BANKRUPTCY RULE 6004, (I) APPROVING FIRST AMENDMENT
TO ASSET PURCHASE AGREEMENT AND (II) AUTHORIZING DEBTORS
TO ENTER INTO FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**") for entry of an order (the "**Order**"), substantially in the form attached hereto, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) approving that certain First Amendment to Second Amended and Restated Asset Purchase Agreement, by and between the Debtors and Kranos Intermediate Holding Corporation ("**Purchaser**"), a copy of which is annexed hereto as **Exhibit A** (the "**First Amendment**") and (ii) authorizing the Debtors to enter into the First Amendment. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The new name for each of the Debtors, whose name has changed, along with the former name of each such Debtor and the last four digits of each such Debtor's tax identification number, are: SSI Liquidating, Inc. (f/k/a Schutt Sports, Inc.) (0521) and SH Liquidating, Inc. (f/k/a Schutt Holdings, Inc.) (0276). The following Debtors' names remain the same: Mountain View Investment Company of Illinois (3563), Circle System Group, Inc. (7711), Melas, Inc. (9761), R.D.H. Enterprises, Inc. (2752) and Triangle Sports, Inc. (6936).

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004.

## GENERAL BACKGROUND

3. On September 6, 2010 (the "**Joint Debtor Petition Date**"), each of Mountain View Investment Company of Illinois, SSI Liquidating, Inc. (f/k/a Schutt Sports, Inc.), Circle System Group, Inc., Melas, Inc., R.D.H. Enterprises, Inc. and Triangle Sports, Inc. (collectively, the "**Joint Debtors**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On September 15, 2010 (together with the Joint Debtor Petition Date, the "**Petition Date**"), SH Liquidating, Inc. (f/k/a Schutt Holdings, Inc.), a Delaware corporation and the parent company of the Joint Debtors (the "**Additional Debtor**" and, together with the Joint Debtors, the "**Debtors**"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On September 8, 2010, the Court granted joint administration of the Joint Debtors' cases and, subsequently, on September 22, 2010, joint administration of all of the Debtors' cases.

6. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 16, 2010, the United States Trustee for Region 3 appointed an Official Committee of Unsecured Creditors (the "**Committee**"). No request has been made for the appointment of a trustee or examiner.

8. On November 22, 2010, the Debtors filed their *Motion for Entry of Orders: (A)(I) Approving Bid Procedures Relating to Sale of the Debtors' Assets; (II) Approving Bid Protections; (III) Scheduling a Hearing to Consider the Sale; (IV) Approving the Form and Manner of Notice of Sale by Auction; (V) Establishing Procedures for Noticing and Determining Cure Amounts; and (VI) Granting Related Relief; and (B)(I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 331] (the "**Sale Motion**").

9. On December 15, 2010, the Court held a hearing on the Sale Motion and approved the sale of substantially all of the Debtors' assets (the "**Sale**") to Kranos Intermediate Holding Corporation (the "**Purchaser**") pursuant to that certain Second Amended and Restated Asset Purchase Agreement, dated as of December 15, 2010, by and among the Debtors and the Purchaser (the "**Asset Purchase Agreement**").[2] On December 16, 2010, the Court entered the *Order (I) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Assets of Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (IV) Granting Related*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Asset Purchase Agreement.

*Relief* [Docket No. 438] (the "**Sale Order**"). The Sale to Purchaser closed on December 16, 2010 (the "**Close Date**").

10. On February 18, 2011, the Debtors filed (a) the *Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 656] (as it may be amended, supplemented or modified from time to time, the "**Plan**") and (b) the *Disclosure Statement for Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 657] (as it may be amended, supplemented or modified from time to time, the "**Disclosure Statement**").

11. On March 4, 2011, the Debtors filed their *Motion for Entry of Order (A) Approving the Disclosure Statement, (B) Establishing Procedures for the Solicitation and Tabulation of Votes to Accept or Reject the Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors, (C) Scheduling a Hearing to Consider Confirmation of the Joint Plan of Liquidation, and (D) Establishing Notice and Objection Procedures in Respect Thereof* [Docket No. 692] (the "**Solicitation Procedures Motion**").

12. On March 30, 2011, the Debtors filed the first-amended Plan and the Disclosure Statement for such first-amended Plan [Docket Nos. 798 and 799], and the Court entered an order approving the Disclosure Statement for the first-amended Plan and granting the Solicitation Procedures Motion [Docket No. 795].

## THE FIRST AMENDMENT

13. Section 2.1 of the Asset Purchase Agreement specifically provides that Purchaser shall only be liable for certain assumed liabilities (the "**Assumed Liabilities**"), and that all other liabilities and obligations of the Debtors are excluded liabilities which were not assumed by or

the responsibility of Purchaser (the "**Excluded Liabilities**"). Section 2.3(i) of the Asset Purchase Agreement specifically delineated as part of such Excluded Liabilities any and all claims, liabilities and obligations for personal injury or death arising from or relating to products manufactured by the Debtors at any time prior to the Close Date.

14. Since the Debtors' insurance coverage for products liability claims is a "claims made" coverage that expires on April 18, 2011, certain former customers of the Debtors have raised concerns regarding a potential insurance coverage gap created by the nature and scope of the Excluded Liabilities set forth in Section 2.3(i) of the Asset Purchase Agreement.

15. In response to such concerns expressed by certain former customers of the Debtors, Purchaser and the Debtors have agreed to amend the Asset Purchase Agreement in order to expand the scope of the Assumed Liabilities to eliminate the potential insurance coverage gap. Specifically, if the First Amendment is approved, the Assumed Liabilities would include claims for personal injury or death incurred after the Close Date and first asserted after April 18, 2011 that arise from or relate to products manufactured by any of the Debtors at any time prior to the Close Date.

16. If approved by this Court, the Asset Purchase Agreement would be amended to delete Section 2.3(i) in its entirety and replace such Section with the following language:

> (i) any and all claims for personal injury or death arising from or relating to products manufactured by any Seller at any time prior to the Closing other than those claims constituting Assumed Liabilities under Section 2.2(j).

17. The Asset Purchase Agreement would be further amended to include a new Section 2.2(j) with the following language:

> (j) notwithstanding Section 2.2(d) above, all claims for personal injury or death incurred and first asserted after the

Closing that arise from or relate to products manufactured by any Seller at any time prior to the Closing.

## RELIEF REQUESTED

18. By this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 6004, (i) approving the First Amendment and (ii) authorizing the Debtors to enter into the First Amendment.

## BASIS FOR RELIEF REQUESTED

19. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "Section 363(b) of the [Bankruptcy] Code, on its face, confers upon the bankruptcy judge virtually unfettered discretion to authorize the use, sale or lease, other than in the ordinary course of business, of property of the estate." *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a [section] 363(b) application expressly find from the evidence presented before him . . . a good business reason to grant such an application."); *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under [section 363(b)], courts require the debtor to show that a sound business purpose justifies such actions.").

20. Once the debtor articulates a business justification for a particular form of relief, courts review the debtor's request under the "business judgment rule." *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Lionel*, 722 F.2d at 1071; *In re Delaware Hudson Ry. Co.*, 124 B.R. 169, 179 (Bankr. D. Del. 1991). The business judgment rule is a presumption that, in making a business decision, the directors of a corporation acted on an informed basis, in

good faith and in the honest belief that the action was in the best interests of the company. *Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources. Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)); *see also, In re Helm*, 335 B.R. 528, 539 (Bankr. S.D.N.Y. 2006) ("The business judgment rule requires the Court to determine whether a reasonable business person would make a similar decision under similar circumstances.") (*quoting In re Vencor, Inc.*, Case No. 99-3199, 2003 Bankr. LEXIS 659, 2003 WL 21026737 at *3 (Bankr. D. Del. Apr. 30, 2003)).

21. The business judgment rule has vitality in chapter 11 cases and presumes that the debtor's management decisions are reasonable. *Id.* See also, *Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions.").

22. Furthermore, section 105(a) of the Bankruptcy Code allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Therefore, under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citation omitted). *See also, e.g., Bird v. Crown Convenience (In re NWFX, Inc.)*, 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy . . . is that equitable principles govern.") (citations omitted); *In re Cooper Properties Liquidating Trust, Inc.*,

61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of their creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.") (citation omitted).

23. The First Amendment amends the Asset Purchase Agreement to expand the scope of the Assumed Liabilities assumed by Purchaser and limit the scope of potential liabilities for the Debtors' estates. Accordingly, the Debtors believe that entry into the First Amendment is an exercise of sound business judgment and in the best interests of the Debtors, the Debtors' estates and their creditors.

24. The Debtors do note that Paragraph 42 of the Sale Order provides that, subject to the terms of the Asset Purchase Agreement, the Asset Purchase Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement of the Debtors and the Purchaser, without further action or order of the Bankruptcy Court; <u>provided, however</u>, any such waiver, modification, amendment, or supplement is not material and substantially conforms to, and effectuates, the Asset Purchase Agreement and any related agreements.

25. In addition, Section 12.12 of the Asset Purchase Agreement authorizes the Debtors and Purchaser to modify and amend the Asset Purchase Agreement pursuant to an instrument in writing executed and delivered on behalf of each of the Debtors and Purchaser.

26. The Debtors believe that the changes proposed in the First Amendment likely are material, and, therefore, have sought approval of the proposed First Amendment by this Motion.

## NOTICE

27. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to Purchaser; and (d) those parties requesting

notice in these cases pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated: Wilmington, Delaware
April 8, 2011

GREENBERG TRAURIG, LLP

*/s/ Sandra G. M. Selzer*

Victoria W. Counihan (DE Bar No. 3488)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: counihanv@gtlaw.com
       selzers@gtlaw.com

-and-

Keith J. Shapiro
Nancy A. Peterman
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435
Email: shapirok@gtlaw.com
      petermann@gtlaw.com

Counsel for the Debtors
and Debtors-in-Possession